## O'DONOHUE v. JOHN J. HEARN CONST. CO.

(Supreme Court, Appellate Term, First Department. January 15, 1915.)

LANDLORD AND TENANT (§ 231*)—BREACH OF LEASE—SURRENDER OF PREMISES —OPPORTUNITY TO RE-RENT—EVIDENCE.

Where a tenant for three years vacated the premises at the end of the second year, and the landlord's receiver sued for the succeeding three months' rent, evidence that the landlord had opportunities to rent the premises in the meantime, and refused to do so, but kept them vacant, was inadmissible in reduction of damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph J. O'Donohue, Jr., as receiver of the property of the Improved Property Holding Company of New York covered by its mortgage dated May 24, 1909, against the John J. Hearn Construction Company. From a Municipal Court judgment in favor of defendant, dismissing the complaint on the merits after a trial to the court, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Guy Van Amringe, of New York City, for appellant.
Gillespie & O'Connor, of New York City (Timothy A. McCarthy, of New York City, of counsel), for respondent.

DELANY, J. This action was brought by the plaintiff, as receiver of the Improved Property Holding Company of New York, and as such the landlord of the premises 505 Fifth avenue, for rent of offices theretofore occupied by the defendant on such premises for the months of February, March, and April, 1914. A lease dated January 10, 1912, was entered into by the Improved Property Holding Company of New York and the defendant, the John J. Hearn Construction Company, whereby the Improved Property Holding Company of New York rented to the defendant for a term of three years from February 1, 1912, a room numbered 706 on the seventh floor of the premises referred to above, for the annual rental of $1,000, payable in equal monthly pay-

ments in advance on the 1st day of each month. It is conceded that the defendant vacated the premises at the end of January, 1914.

The answer admits the allegations of the complaint, except the allegation of performance by the plaintiff of all the covenants of the lease, and sets up a separate defense, which in substance alleges that between October 15, 1913, and January 30, 1914, the Improved Property Holding Company of New York, while the defendant was occupying the premises, in violation of the provisions of the lease, failed to furnish defendant with proper elevator service and sufficient heat, and neglected to keep the premises clean to such an extent as to constitute a constructive eviction. On the trial the plaintiff denied that the Improved Property Holding Company failed to furnish proper elevator service and sufficient heat, or that it failed to keep the premises in a clean condition. There was a sharp conflict of evidence on these points.

Had it not been for the introduction of certain testimony, over objection, by the plaintiff, we might not feel justified in disturbing the judgment herein. After the defendant had vacated the premises, the suit herein was brought for a subsequent accrual of rent under the lease. The defendant contended that his vacation of the premises was justified by a constructive eviction, and there was evidence for and against such a defense which might have been sufficient to sustain a judgment; but during the course of the trial the defendant undertook to introduce into the case evidence of the failure of the plaintiff to let the vacated premises. The counsel for the defendant was insistent upon the introduction of such testimony. During the examination of the witness Van Zant, called as a witness on behalf of the defendant, the following occurred:

"Q. State what he said to you and what you said to him. Recite the conversation as briefly and as accurately as you can.

"Plaintiff's Counsel: I object to any conversation on February 26, 1914.

"Defendant's Counsel: It is material in this way, because we want to show—

"The Court: Suppose we receive it subject to a motion to strike out? There is no jury here.

"Plaintiff's Counsel: All right.

"The Court: All right; subject to a motion to strike out.

"Defendant's Counsel: I am offering this because they made no effort to lease the premises—the rooms.

"Plaintiff's Counsel: If that is the purpose, I object upon the ground it is immaterial and irrelevant.

"The Court: I will receive the evidence for what it is worth.

"Plaintiff's Counsel: Exception.

"Q. State the conversation as briefly and as accurately as you can.

"Plaintiff's Counsel: The same objection, ruling, and exception.

"The Court: Yes."

After the witness had testified that the superintendent refused to show him the premises vacated by the defendant, the plaintiff's counsel moved to strike out the testimony of the witness, as follows:

"Plaintiff's Counsel: I move now to strike out all the testimony of the witness on the ground it is immaterial.

"Defendant's Counsel: There certainly rests an obligation upon the landlord to keep the damage as low as he can. For that reason I offered this testimony.

"The Court: For which months are you suing?
"Plaintiff's Counsel: February, March, and April.
"The Court: Motion denied.
"Plaintiff's Counsel: Exception."

The witness Van Zant was followed by the witness Chesney for the defendant, who testified that he also went to the premises for the purpose of interviewing the superintendent with regard to a reletting of the premises demised. The plaintiff's counsel objected to the materiality of such testimony, and the following took place:

. "Plaintiff's Counsel: I object to that as immaterial. He said he went there in March of this year.
"The Court: That is one of the months you are suing for.
"Plaintiff's Counsel: Is he going to testify to conditions?
"Defendant's Counsel: No; he is going to testify to the same that Mr. Van Zant did.
"Plaintiff's Counsel: I object to all this testimony on the same grounds I objected to Mr. Van Zant's testimony; that it is irrelevant, incompetent, and immaterial.
. "The Court: Objection overruled.
"Plaintiff's Counsel: Upon the statement, made by counsel, that it is for the same purpose as Mr. Van Zant's testimony.
"The Court: It is upon his statement that the court allows the question and answer.
"Plaintiff's Counsel: Exception.
"Q. Whom did you see there? A. I saw this little gentleman down there.
"The Court: Who is that?
"A. I guess it is Joe; they called him Joe. He was at the bottom of the elevator.
"Q. What did you say to him, and what did he say to you? A. I told him I wanted to rent some offices to sell cleaning fluid from.
"Plaintiff's Counsel: That is objected to on the same ground, if the court please—what he said to him in March, and what Joe said to him.
"The Court: The same ruling.
"Plaintiff's Counsel: Exception."

It seems to us that the admission of this testimony was improper, and again, when the motion was made to strike it out, it was improper to retain it. The question arises whether or not that improper testimony played any important part in the decision of the case. It seems to us impossible to say whether it did or did not, and if the case disclosed that this incompetent testimony was without influence upon the result we would sustain the judgment; but it cannot be said whether the trial judge determined the case by finding a constructive eviction, or by finding that the law required the plaintiff, after the abandonment of the premises, at the peril of losing his rights to the rent, to endeavor to relet the premises, on the erroneous theory that, had the plaintiff relet the premises, such action would have reduced the rent of the defendant, either in part or in whole, for the period during which this suit for rent is brought.

Since we are unable to determine upon which ground the trial justice resolved the issue in defendant's favor, the judgment below must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.